IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> M.S. EVANS, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 06-05608 JW (PR) <br><br> ORDER OF DISMISSAL |

On September 13, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") file a pro se civil rights action under 42 U.S.C. § 1983 against Warden M.S. Evans, Sergeant J. Newton and Appeals Coordinator Eloy Medina, all SVSP officials. Plaintiff paid the filing fee.

By order filed May 3, 2007, the Court dismissed plaintiff's claims against defendants Evans and Medina for failure to state a claim upon which relief may be granted. The Court found cognizable plaintiff's claim, liberally construed, against defendant Newton for depriving plaintiff of his rights under the Equal Protection Clause when he failed to provide plaintiff with adequate notice and time to prepare

Order of Dismissal
N:\Pro - Se\8.29.2007\06-05608 Simmons5608_dismissal.wpd

1 for is Board of Prison Terms Hearing and falsified documents because of plaintiff's
2 race.

3 In the same order, the Court advised plaintiff that because plaintiff is not
4 proceeding in forma pauperis in this action, he may not rely on the United States
5 Marshal or the officers of the court for service. Cf. 28 U.S.C. § 1915(d); Fed. R.
6 Civ. P. 4(c)(2). Since the complaint was pending for over 120 days and service
7 upon defendants had not been effectuated, the Court warned plaintiff that the
8 complaint was subject to dismissal under Rule 4(m) of the Federal Rules of Civil
9 Procedure, which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

14 Accordingly, the Court gave plaintiff an additional thirty days from the order, i.e.,
15 until June 3, 2007, to either serve defendant Newton with the summons and
16 complaint in accordance with Rule 4(m) and provide the Court with proof of such
17 service or otherwise show cause why the complaint should not be dismissed without
18 prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In his
19 response filed May 23, 2007, plaintiff claims that defendant Newton was served
20 with a copy of the summons and complaint on September 21, 2006, by Correctional
21 Officer Matthew Yates in person. Plaintiff also alleges that the California Attorney
22 General was served with a copy of the summons and complaint on or about
23 September 11, 2006, by a friend who mailed the documents with the United States
24 Post Office. However, plaintiff has failed to provide proof of such service as
25 ordered by the Court.

26 The complaint in this matter has been pending for over 120 days, and service

upon defendants has not been effectuated. Plaintiff has failed to show cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m). See, e.g., Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding dismissal of defendant under former version of Rule 4(m) appropriate where incarcerated plaintiff, proceeding pro se, failed to provide Marshal with sufficient information to serve defendant or to show he had in fact requested that defendant be served). Accordingly, this complaint is DISMISSED without prejudice pursuant to Rule 4(m).

The clerk shall terminate all pending motions as moot.

DATED:     August 27, 2007            /s/ James Ware
JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\8.29.2007\06-05608 Simmons5608_dismissal.wpd     3